### ROYCE and others *v.* FIFIELD and others.

*(Circuit Court, D. Rhode Island. October 4, 1883.)*

PATENTS FOR INVENTIONS—SIGNIFICATION OF THE WORD "JEWELRY"—INFRINGEMENT.
Letters patent No. 10,239, dated November 14, 1882, for an improvement in ornamenting bracelets and *other articles of jewelry*, extended so as to cover *buttons* ornamented by the patented process of the plaintiffs.

In Equity.

*O. Lapham* and *B. F. Thurston*, for complainants.

*Dexter B. Potter*, for defendants.

Colt, J. This bill is founded upon an alleged infringement of re-issued letters patent No. 10,239, dated November 14, 1882, for an improvement in ornamenting bracelets and other articles of jewelry. The improvement consists in covering with a coating of enamel or japan the brass or other cheap metal of which the article is composed; the engraving then "cuts through the enamel or japan slightly into the metal, thus making the lines very distinct and brilliant by reason of their contrast with the black ground, thus forming a pleasing orna-ment."

The position taken by the defendants is that the patent only covers bracelets and other articles of jewelry, and that consequently it does not include by its terms buttons ornamented in this manner. To adopt this construction would be giving, in our opinion, a very narrow meaning to the claim made by the patent. The improvement relates to ornamenting an article used to adorn the person, and we think a button so ornamented may be said to be an article of jewelry as much as a stud, pin, or ear-ring. To say that an ornamented pin or ear-ring is an article of jewelry, and that an ornamented button is not, is making the difference between what is jewelry and what is not to consist in the mode of fastening the article to the dress, rather than in the essential character of the thing itself. Few would say that pearl or gold buttons were not jewelry. If the signification of the word "jewelry" is not to be strictly limited to articles of personal adorn-ment composed of the precious stones or metals, but is to be extended as it has been to embrace various ornamental but cheap imitations, we see no sound reason why a button made in the manner and for the purpose described in this patent should not be so classified. We are of opinion, therefore, that the defendants are guilty of an in-fringement.